ELLEN E. McGLYNN, State Bar No. 270367
ellen.mcglynn@cwn-law.com
ZACHARY J. FARLEY, State Bar No. 245355
zachary.farley@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Plaintiff African Owl
Shipping Co. Ltd. as owner *pro hac vice* of the M/V AFRICAN OWL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| African Owl Shipping Co. Ltd. as owner *pro hac vice* of the M/V AFRICAN OWL (IMO 9701255),<br><br>Plaintiff,<br><br>v.<br><br>Tiryaki Shipping FZE, a foreign entity organized under the laws of the United Arab Emirates, Tiryaki Holding A.S., a foreign entity organized under the laws of the Republic of Turkey, TOI Commodities SA, a foreign entity organized under the laws of Switzerland, Sunrise Foods International Inc., a foreign entity organized under the laws of Canada, Caprock Land Co., a New Mexico corporation, Whitechart Ltd. a foreign entity organized under the laws of Belize.<br><br>Defendants. | Case No.<br><br>COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 22<br><br>IN ADMIRALTY |

## **COMPLAINT IN INTERPLEADER**

Plaintiff, African Owl Shipping Co. Ltd. ("African Owl"), by and through its undersigned counsel, Collier Walsh Nakazawa LLP, present its Complaint in Interpleader, Declaratory and Injunctive Relief pursuant to Federal Rule of Civil

1
COMPLAINT IN INTERPLEADER

Procedure ("FRCP"), Rule 22 in order to determine the proper owner of cargo as described in paragraphs 12, 35, and 38 and recovery of expenses payable to African Owl. African Owl alleges as follows:

**PARTIES**

1. African Owl Shipping Co. Ltd., a Bahamian company organized under the laws of the Bahamas with its principal place of business in the Bahamas is the bareboat owner of the M/V AFRICAN OWL (a bulk carrier vessel registered under the laws of the Bahamas bearing IMO # 9701255) (the "Vessel").

2. Upon information and belief, Tiryaki Shipping FZE ("Tiryaki Shipping" or "Charterer") is an entity organized under the laws of the United Arab Emirates whose principal place of business is Dubai, UAE and at all relevant times was the Time Charterer of the M/V AFRICAN OWL pursuant to the Charter Party agreement with disponent owner MUR Shipping BV.

3. Upon information and belief, Tiryaki Denizcilik Hizmetlerie Ticaret AS is an agent of Tiryaki Shipping and is an entity organized under the laws of the Republic of Turkey with a principal place of business in Gaziantep, Turkey.

4. Upon information and belief, Tiryaki Holding A.S. is an entity organized under the laws of the Republic of Turkey with a principal place of business in Gaziantep, Turkey.

5. Upon information and belief, TOI Commodities SA ("TOI") is an entity organized under the laws of Switzerland and whose principal place of business is Geneva, Switzerland.

6. Upon information and belief, Whitechart Ltd. is an entity organized under the laws of Belize with a principal place of business in Belize City, Belize.

7. Upon information and belief, Sunrise Foods International Inc. is an entity organized under the laws of Canada with a principal place of business in Saskatchewan, Canada.

8. Upon information and belief, Caprock Land Co. is a subsidiary of

Caprock Grain, an entity organized under the laws of the state of New Mexico with a principal place of business in Santa Fe, New Mexico.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1335 as this dispute is in admiralty involving goods shipped pursuant to bills of lading across international waterways and into the navigable waters of the United States for delivery into the United States, the ownership of which is now disputed among the Defendants named herein.

10. These claims are admiralty or maritime claims as defined in FRCP 9(h) and are cognizable under the admiralty or maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

11. Venue is proper in this federal district court under 28 U.S.C. § 1391(b)(2) as the cargo that is the subject of this interpleader action is located at or near the Port of Stockton, California and therefore is, found within this judicial District.

## CAUSE OF ACTION IN INTERPLEADER

12. On or about January 31, 2022, the vessel M/V AFRICAN OWL ("Vessel") served as the ocean carrier for a shipment of 12,700 metric tons of soybean meal (the "Cargo") loaded in the port of Samsun, Turkey and destined for the Port of Stockton, California.

13. Cargo loading onto the Vessel commenced on January 31, 2022 and was completed on or about February 5, 2022.

14. The Cargo, as a foodstuff, is believed to be highly perishable and must be stored in appropriate conditions to avoid deterioration.

15. The Vessel is operated by Plaintiff African Owl and is under time charter to MUR Shipping BV who sub-chartered the Vessel to Defendant Tiryaki Shipping by agreement dated January 17, 2022 (the "Time Charter"). Declaration of Ellen E. McGlynn in Support of Plaintiff African Owl Shipping Co. Ltd.'s Complaint in Interpleader ("McGlynn Decl.") Exhibit A.

16. Under the Time Charter, Tiryaki Shipping's performance is guaranteed by Tiryaki Holding A.S.

17. On completion of the Cargo's loading, the Vessel's Chief Mate issued a receipt confirming the amount of cargo loaded and the date of its completion (the "Mate's Receipt"). McGlynn Decl. Exhibit B.

18. According to the Time Charter, African Owl provided written authorization to the Charterer to issue bills of lading for the Cargo upon the issuance of the Mate's Receipt. McGlynn Decl. Exhibit A at ¶¶ 8, 53.

19. According to the Time Charter, Charterer guaranteed to MUR Shipping BV that only one set of bills of lading would be present, traded, or otherwise in circulation. *Id*.

20. The Vessel is outside the Port of Stockton and is expected to berth on April 1, 2022. McGlynn Decl. at ¶ 10.

*Tiryaki Bills of Lading*

21. Tiryaki Shipping agent Tiryaki Denizcilik Hizmetlerie Ticaret AS, issued bills of lading for the Cargo dated February 5, 2022 ("Tiryaki BOLs"). McGlynn Decl. Exhibit C.

22. According to the Tiryaki BOLs, the Vessel was to carry "CERTIFIED ORGANIC SOYBEAN MEAL IN BULK" from Samsun, Turkey to Stockton, California in an amount totaling 12,700 metric tons. *Id*.

23. African Owl first saw the Tiryaki BOLS on March 22, 2022.

24. According to the Tiryaki BOLs, the Cargo was to be delivered into the possession of Sunrise Foods International Inc. and are named as the notifying party, the party to be notified when a shipment arrives at its destination. *Id*.

*Whitechart Bills of Lading*

25. On March 21, 2022, while the Vessel was underway on the voyage which would ultimately bring Cargo to the Port of Stockton, African Owl's insurer received a message from Defendant TOI (the "TOI Message"). TOI alleged that it was the true

4
COMPLAINT IN INTERPLEADER

owner of the Cargo, and instructed African Owl to stop the Cargo's transit and not to proceed to Stockton and await further instruction. McGlynn Decl. Exhibit D.

26. Upon questioning and subsequent exchanges, TOI asserted that it purchased the Cargo and received bills of lading dated February 1, 2022 signed by an entity named Whitechart Ltd. (the "Whitechart BOLs"). McGlynn Decl. Exhibit E.

27. Upon information and belief, Whitechart Ltd. is believed to be a related entity of Charterer.

28. Upon information and belief, VTB appeared to procure the issuance of the Whitechart BOLs from Charterer on February 1, 2022, prior to receiving authorization to issue bills of lading. Charterer has not adequately addressed this issuance and correspondence representing the same.

29. Upon information and belief, VTB Bank is a Russian state-owned bank headquartered in various Federal districts of Russia. It is currently under Western sanctions related to actions in Ukraine.

30. The Whitechart BOLs indicate the Vessel is to carry 12,700 metric tons of "NON-GMO SOYBEAN MEAL (ORGANIC) IN BULK" from Samsun, Turkey to Stockton, California.

31. The Whitechart BOLs indicate that the Cargo is to be delivered to Caprock Land Co. and are named as the notify party.

32. In addition to the Whitechart BOLs, African Owl has been provided with additional bills of lading signed by Whitechart Ltd. purporting to involve cargo carried aboard the Vessel ("Additional Stockton BOLs") and a related vessel the M/V FLORINDA ("WHITECHART FLORINDA BOLs"), including goods loaded in Giresun, Turkey and Bandirma, Turkey. McGlynn Decl. Exhibits F, G.

33. The Additional Stockton BOLs and the WHITECHART FLORINDA BOLs are similar to the Whitechart BOLs in that they are signed by Whitechart Ltd., with the intended recipient being Caprock Land Co. *Id*.

34. The Additional Stockton BOLs purport to involve shipments of

5
COMPLAINT IN INTERPLEADER

3,010.530 metric tons of "RAPESEED MEAL IN BULK," 7,516.080 metric tons of "YELLOW PEAS IN BULK," and 5,451.3 metric tons of "SUNFLOWER SEEDS CAKE IN BULK" onboard the Vessel loaded at the ports of Bandirma, Turkey and Giresun, Turkey to be discharged in "Stockton, USA." McGlynn Decl. Exhibit F.

35. The WHITECHART FLORINDA BOLs purport to involve shipments of 5,890.7 metric tons of "NON-GMO SOYBEAN (ORGANIC) IN BULK" and 21,900 metric tons of "NON-GMO CORN (ORGANIC) IN BULK" on board the M/V FLORINDA loaded at the port of Giresun, Turkey to be discharged in one of four listed ports in either the Gulf of Mexico or the Eastern seaboard. McGlynn Decl. Exhibit G.

36. The "Consignee" on the Additional Whitechart BOLs is SBERBANK (SWITZERLAND) AG, an entity which may be related to various sanctioned institutions as designated by the Office of Foreign Assets Control of the United States Department of the Treasury. McGlynn Decl. Exhibit F.

37. The Additional Stockton BOLs list goods of similar description as those provided on the Tiryaki BOLs, including "CERTIFIED ORGANIC RAPESEED MEAL," "ORGANIC SUNFLOWER MEAL, PELLETIZED IN 277 BIGBAGS," and "ORGANIC YELLOW PEAS IN BULK." McGlynn Decl. Exhibit C.

*Disputed Ownership*

38. Upon consultation with Charterer, Tiryaki Shipping informed African Owl that it was unaware of the Whitechart BOLs, they were not authentic, and were not controlling over the Tiryaki BOLs.

39. African Owl thereafter informed TOI that it could not trust the authenticity of the Whitechart BOLs, particularly since certain Whitechart BOLs were seemingly issued before the Cargo was loaded on the Vessel.

40. In response, TOI asserted that the Whitechart BOLs were the result of a multi-party transaction which began upon the instruction of an employee at a related Tiryaki entity.

41. African Owl is not able to determine, nor responsible for deciding, which of the competing bills of lading are operative for purposes of the Cargo's ownership or delivery.

42. By reason of the conflicting bills of lading, African Owl is in doubt as to delivery of said Cargo and payment of Cargo and expenses related thereto.

43. African Owl requests a hearing on an expedited schedule because of the highly perishable nature of the subject Cargo and its need to offload it from the Vessel so that the Defendants can resolve their dispute before this Court without further interfering with the Vessel's schedule.

44. At present, the Vessel is scheduled to commence discharge operations on April 1, and discharge the subject Cargo in Stockton, California on April 5, 2022.

45. African Owl is informed and believes that the Cargo is perishable and risks deterioration the longer it is held in the Vessel's holds and that discharge into an appropriate facility is needed to limit the Cargo's inherent perishability.

47. African Owl is arranging for a bonded warehouse in Stockton, CA to serve as substitute custodian to safely store the Cargo while the Court determines the proper owner of the Cargo and will promptly advise the Court and interested parties of its discharge location.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff requests that:

(a) An order be issued by this Court permitting Plaintiff to discharge the subject Cargo into a bonded warehouse in Stockton, California as scheduled for April 5, 2022;

(b) A judgement be entered that the Defendants be required to interplead and settle among themselves their alleged rights to the Cargo and such other cargo aboard the Vessel whose ownership the Defendants may dispute;

(c) Each Defendant be restrained from commencing any action against

Plaintiff as it regards discharge, delivery or ownership of the Cargo or any other disputed cargo aboard the Vessel;

(d) Each Defendant be enjoined from arresting or attaching the Vessel or any of Plaintiff's assets and, without limitation, any vessel owned and/or operated by Plaintiff, in reference to the subject matter of this action as it would be wrongful and without basis in law or fact while the present forum offers a proper venue for redress of all claims for all concerned;

(e) That Plaintiff be released from all liabilities and expenses which may be demanded upon African Owl by virtue of any delay, stoppage of delivery, discharge, storage and the like, including costs, fees, and reasonable attorney's fees and expenses in this action; and

(f) An award of any other and further relief as this Court deems just and proper.

Dated: April 1, 2022          COLLIER WALSH NAKAZAWA LLP

By: _____/s/ Ellen E. McGlynn_____

Ellen E. McGlynn
Zachary J. Farley
Attorneys for Plaintiff African Owl Shipping Co. Ltd.